IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CHILAQUILES FACTORY, LLC<br>Debtor | § § § § | Case No. 22-10170-hcm |

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY BARRON & NEWBURGER, P.C. AS BANKRUPTCY COUNSEL**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Chilaquiles Factory, LLC (the "Debtor") hereby files this Application for Authority to Employ Barron & Newburger, PC ("BNPC") as Counsel to the Debtor (the "Application").

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to grant the Application pursuant to 11 U.S.C. § 327(a).

**Relief Requested**

2. Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on March 17, 2022 (the "Petition Date"). The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Pursuant to 11 U.S.C. § 327(a), Debtor requests the entry of an order authorizing

the employment of BNPC as counsel to the Debtor in this Chapter 11 case.

4. Debtor has selected BNPC as its counsel because of its extensive experience and knowledge and its established reputation in corporate reorganizations and debt restructurings under chapter 11 of the Bankruptcy Code and ability to litigate matters in bankruptcy court. Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor's interests in this bankruptcy case. A copy of BNPC's engagement agreement is attached as Exhibit A.

**Basis for Relief**

5. Section 327(a) of the Bankruptcy Code authorizes a trustee to retain such counsel as necessary to carry out his duties as trustee:

> the trustee, with the court's approval, may employ, *one or more* attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a)(italics added).

6. Debtor seeks to retain BNPC as its counsel pursuant to 11 U.S.C. § 327(a). Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor in this case.

7. Debtor contemplates that BNPC will render legal services to Debtor as needed throughout the case. The legal services that BNPC will render to Debtor may be summarized, in part, as follows: (i) advising Debtor of its rights, powers, and duties as a debtor-in-possession continuing to manage its assets; (ii) reviewing the nature and validity of claims asserted against the property of Debtor and advising Debtor concerning the enforceability of such claims; (iii) preparing on behalf of Debtor, all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in the chapter 11 case; (iv) advising Debtor concerning and preparing responses to,

applications, motions, complaints, pleadings, notices, and other papers which may be filed in the chapter 11 case; (v) counseling Debtor in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents; (vi) performing all other legal services for and on behalf of Debtor which may be necessary and appropriate in the administration of the chapter 11 case and Debtor's business; and (vii) working with professionals retained by other parties in interest in this case to attempt to obtain approval of a consensual plan of reorganization for Debtor. The non-exclusive list of services described above is essential to Debtor's chapter 11 case.

8. Subject to the fee application process and this Court's approval, BNPC will charge Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as are in effect on the date services are rendered. The three attorneys at BNPC who will primarily be providing services for Debtor in connection with this case, as well as their standard hourly rate: (i) Stephen Sather ($525.00 per hour). Other attorneys who may work on the case bill at rates ranging from $175 to $475 per hour. The rate of each professional working on this case will be clearly reflected in the invoices and fee applications. BNPC will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

9. The above-outlined hourly rates are subject to periodic review (generally annually) to reflect changes in the economy, experience, and other factors. To the extent possible, BNPC charges rates at (or usually below) the prevailing rates for legal services rendered by attorneys of comparable expertise in similar cases in the relevant jurisdiction. Accordingly, an individual attorney's rates in other cases may be lower or higher than those charged in this engagement, depending on the prevailing rates in the various jurisdictions.

10. The firm has not received compensation for any services rendered prior to the Petition Date. The firm received a retainer in the amount of $7,500.00. The Debtor paid the retainer from its funds on March 17, 2022. The firm applied $3,925.50 to pre-petition fees and the filing fee, leaving a balance of $,574.50. The retainer shall be held by the firm in its trust account until such time as the Court enters an order approving a fee application or otherwise directing payment of the funds. The retainer will serve as security for such fees and expenses as the Court approves after notice and a hearing (or, in the event that the case is dismissed, for such fees incurred by counsel during the representation).

11. To the best of Debtor's knowledge, other than in connection with this chapter 11 case, BNPC has no connection with Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth herein and/or in the Verified Statement of Stephen Sather (the "Sather Statement"), filed pursuant to Federal Rule of Bankruptcy Procedure 2014(a).

12. Based on the Sather Statement and Debtor's knowledge of its business, litigation and relations with creditors and other parties in interest, BNPC does not represent or hold any interest adverse to Debtor, its estate, creditors, equity security holders, or affiliates in the matters upon which BNPC is to be engaged, and BNPC is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

13. BNPC intends to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders entered by this Court with respect to the management of fees and expenses in this case.

WHEREFORE, Debtor respectfully requests that the Court (i) authorize Debtor to employ and retain BNPC to represent it as counsel in this chapter 11 case effective as of the petition date; and (ii) grant the Debtor such other legal and equitable relief to which it is entitled.

March 18, 2022

Respectfully submitted,

Chilaquiles Factory, LLC

By: /s/ Olga Bradley
Olga Bradley, Member

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic mail transmission on March 21, 2022, to all parties listed on the Service List attached to the filed copy of this Pleading and electronically by the Court's ECF system to all parties registered to receive such service.

/s/Stephen W. Sather
Stephen W. Sather

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § § | Chapter 11 |
| CHILAQUILES FACTORY, LLC<br>Debtor | § § § § | Case No. 22-10170-hcm |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY BY THE ATTORNEY FOR DEBTOR

The undersigned attorney does hereby certify under penalty of perjury pursuant to Rule 2016(b) of the Bankruptcy Rules of Procedure:

1. That the compensation paid or promised to Debtor for services to be rendered in connection with the case is as follows:

    | | |
    |---|---|
    | Stephen Sather | $525 per hour |
    | Paul Hammer | $400 per hour |
    | Other Attorneys | $275-500 per hour |
    | Support Staff | $40-125 per hour |

    The principal attorneys on the case will be Stephen Sather and Greg Friedman.

2. The firm received $2,187.50 for pre-petition services and $1,738.00 for the filing fee.

3. The firm received its retainer in the amount of $7,500.00 for use in its bankruptcy. The Debtor paid the retainer from its funds on March 17, 2022. The firm applied $$3,925.50 of such amount to pre-petition fees and the filing fee. The firm asserts a lien against such retainer for fees and expenses subject to Court approval.

4. That the source of such compensation is as follows: all fees will be paid first from the estate pursuant to court approval and, if not from the estate, from the retainer.

5. That affiant has not shared nor agreed to share such compensation with anyone except shareholders and associates of his firm.

EXECUTED ON THIS THE 18th DAY OF March 2022.

By: _Stephen W. Sather_
STEPHEN W. SATHER

6

APPROVED:

By: _____
Chilaquiles Factory, LLC by Olga Bradley

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF
TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § § | Chapter 11 |
| CHILAQUILES FACTORY, LLC<br>Debtor | § § § § | Case No. 22-10170-hcm |

## DECLARATION OF PROPOSED ATTORNEY

1. "I am an attorney licensed to practice in the State of Texas and maintain offices at 7320 N. MoPac Expwy., Suite 400, Austin, TX 78731. I am an attorney with the firm of Barron & Newburger, P.C. (BNPC).

2. BNPC has been engaged to represent Chilaquiles Factory, LLC

3. I performed a search of the conflicts database for BNPC. I reviewed the results of the conflicts search and also made my own independent review of the list of creditors.

4. I do not have any interest adverse to the Bankruptcy estate set forth above in the matters upon which the firm is to be employed. To the best of my knowledge, I have no connection with the United States Trustee or any person employed at the office of the United States Trustee which would establish an interest adverse to the bankruptcy estate. I reserve the right to supplement this Affidavit if I become aware of any potential conflicts and will notify the Court immediately upon discovery of such information.

5. I am aware of the following connections which should be disclosed pursuant to Fed.R.Bankr.Pro. 2014:

    a. Debtor: The firm was first contacted by the Debtor on March 16, 2022.
    b. Creditors: None
    c. Other: None
    d. U.S. Trustee: None
    e. Attorneys: None

6. Based upon the foregoing, I believe that the firm is a disinterested person within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

7. I declare the above and foregoing to be true and correct under penalty of perjury."

                                                      /s/Stephen W. Sather
                                                      Stephen W. Sather

# BARRON & NEWBURGER, P.C.

## LEGAL SERVICES AGREEMENT

Chilaquiles Factory, LLC ("Client") hereby employs the law firm of Barron & Newburger, P.C., attorneys licensed to practice law in the State of Texas, to provide the necessary legal services with respect to filing a petition under SubChapter V of Chapter 11.

    **2.**    No compromise or settlement of the rights and claims of the Client may be made by the Attorney without the prior consent of the Client.

    **3.**    Client authorizes the Attorney to engage and make use of other attorneys in his firm as well as accountants, appraisers, investigators, and other experts, deemed to be necessary by the Attorney in rendering services to the Client.

    **4.**    Client shall be responsible for all reasonable costs and expenses incurred by the Attorney, including but not limited to court costs, travel expenses, food and lodging outside of Austin, Texas, long distance telephone calls, copying expenses, "fax" transmissions, depositions, stenographers necessary for recording depositions, fees and expenses of other parties engaged by the Attorney in this connection., which shall be paid by the Client upon receipt of a statement. Client shall be responsible for, and agrees to advance at Attorney's request, any case-related costs (e.g. depositions, subpoenas, expert witness fees) prior to Attorney's advancement of same.

    **5.**    Client agrees to pay in advance, at attorneys' request, all court filing fees and to advance for other expenses if requested by the Attorney.

    **6.**    In consideration of the services rendered and to be rendered, Client shall pay Barron & Newburger, P.C., hourly according to the following fee schedules:

        Senior attorneys - $350.00 - $525.00 per hour.
        Junior attorneys - $250.00 - $350.00 per hour.
        Legal assistants - $40.00 -   $125.00 per hour.

*The hourly rates may be subject to future increases upon thirty (30) days written notice to Client.*

    7.    To secure the fees and costs to be incurred in this matter, Client shall provide a retainer in the amount of $7,500.00. The retainer is a deposit against fees and costs to be incurred and is not a flat fee. Fees and expenses are expected to exceed the amount of the retainer.

    8.    All outstanding costs and expenses shall be payable to Attorney immediately following the termination of this Agreement for any reason or upon the termination of litigation. Attorney is hereby granted a lien on all property of Client in Attorney's possession to secure any fees due to Attorney under this Agreement.

    9.    If this Agreement is terminated by the Client prior to completion of the services required, Client shall pay to Attorney all fees, costs and expenses accrued to that date, prior to the Attorney's withdrawals of pending litigation and prior to the delivery of any appraisals, investigations, reports and other products to third parties which have not been paid for previously by the Client.

    10.    If this Agreement is enforced through any legal proceedings, Attorney shall be entitled

# BARRON & NEWBURGER, P.C.

also to recover reasonable attorney's fees, court costs, and interest at the highest legal rate on any sums owing from the date that the same became due hereunder.

11. This Agreement is performable in Travis County, Texas and shall be construed pursuant to the laws of the State of Texas.

12. This agreement constitutes the entire agreement of the parties hereto.

EXECUTED this ____ day of March, 2022.

**CLIENT**  
**Chilaquiles Factory, LLC**

x ꭥ𝒫𝒶𝓊𝓉𝓊𝓇𝐵 _____  
**Olga Bradley, its** _____

**ATTORNEY**  
**Barron & Newburger, P.C.**

_____

Email: _____  
Phone: _____  
Address: _____

```
Label Matrix for local noticing          Chilaquiles Factory, LLC               U.S. BANKRUPTCY COURT
0542-1                                   911 Cricket Cv                         903 SAN JACINTO, SUITE 322
Case 22-10170-hcm                        Cedar Park, TX 78613-3443              AUSTIN, TX 78701-2450
Western District of Texas
Austin
Thu Mar 17 17:07:14 CDT 2022

Armstrong Buttercup Creek, L.P.          Atmos Energy                           Cintas Corporation
c/o DT Land Group, Inc.                  P.O. Box 650654                        PO Box 650838
2414 Exposition Blvd Ste D200            Dallas, TX 75265                       Dallas, TX 75265-0838
Austin, TX 78703-2276


(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS  Cozzini Brothers                       (p)DIRECTV LLC
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION  4500 N Sam Houston Pkwy W Ste 170  ATTN BANKRUPTCIES
PO BOX 13528                             Houston, TX 77086-1474                 PO BOX 6550
AUSTIN TX 78711-3528                                                            GREENWOOD VILLAGE CO 80155-6550


Ecolab, Inc.                             Fiesta Tortillas                       Impact Finance
PO Box 70343                             3800 Promontory Point Dr               Po Box 515119
Chicago, IL 60673-0343                   Austin, TX 78744                       Dallas, TX 75251-5119


JPMorgan Chase Bank, N.A.                Jlozano Produce                        Kristy Cortez
PO Box 182051                            1500 S. Zarzamora St Unit 428          3600 W Parmer Ln Ste 105
Jeffersonville, OH 43128                 San Antonio, TX 78207-7209             Austin, TX 78727-4111


Mood Texas                               (p)NAVITAS CREDIT CORP                 Nuco2
PO Box 117                               ATTN JOYCE MCKULKA                     PO Box 9011
San Antonio, TX 78291-0117               201 EXECUTIVE CENTER DR SUITE 100      Stuart, FL 34995-9011
                                         COLUMBIA SC 29210-8410


Olga Bradley                             Pedernales Electric Coop               People Fund
911 Cricket Cove                         P.O. Box 1                             P.O. Box 201940
Cedar Park, TX 78613-3443                Johnson City, TX 78636-0001            Dallas, TX 75320-1940


Pepsi Co                                 Pro Ice Solutions                      SimpliSafe
9101 Wall Street                         100 E. Whitestone Falls Pkwy           294 Washington Street 9th Fl
Austin, TX 78754-4540                    Cedar Park, TX 78613                   Boston, MA 02108-4634


Spectrum Business                        Spothopper                             Truist
PO Box 460849                            7330 W. Greenfield Avenue Ste 205      214 N. Tryon St
San Antonio, TX 78246-0849               Milwaukee, WI 53214-4745               Charlotte, NC 28202-1078


Twin Liquors                             United States Trustee - AU12           Waste Management, Inc
519 E. 7th Street                        United States Trustee                  800 Capitol St Ste 3000
Austin, TX 78701-3318                    903 San Jacinto Blvd, Suite 230        Houston, TX 77002-2945
                                         Austin, TX 78701-2450
```

Williamson Co. Tax Ass-Coll
710 S. Main Street
Georgetown, TX 78626-5703

Xtrachef
135 W 29th St Fl 12
New York, NY 10001-5152

Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731-2347

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of Public Accounts
Rev. Acctg. Sec.--Bkr Div.
Po Box 13528
Austin, TX 78711-3528

DIRECTV
PO Box 78626
Phoenix, AZ 85062

Navitas Credit Corp
Attn: Bankruptcy Dept.
203 Fort Wade Rd Unit 300
Ponte Vedra, FL 32081-5159

End of Label Matrix
Mailable recipients    32
Bypassed recipients     0
Total                  32